NO. 07-08-0076-CR
NO. 07-08-0077-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 30, 2008
_____

ARNALDO ORTIZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NOS. 10,937 & 11,009; HON. DAN MIKE BIRD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Arnaldo Ortiz was convicted of two charges of aggravated sexual assault of his foster daughter.[1] He challenges those convictions by contending that the evidence is legally and factually insufficient to sustain them. We affirm.

_____

[1]Appellant was acquitted of two other charges of aggravated sexual assault and one charge of indecency with a child with respect to his biological daughter.

The standards by which we review the legal and factual sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006) for a discussion of them.

Next, the State charged appellant with causing the penetration of M.V.'s sexual organ with his finger and her anus with his penis. At trial, the complainant testified that appellant had done both of these acts. The testimony of a child victim alone, if believed by the trier of fact, is sufficient to sustain the conviction. *Bjorgaard v. State,* 220 S.W.3d 555, 559 (Tex. App.–Amarillo 2007, pet. dism'd). Consequently, the record contains some evidence upon which a rational factfinder could conclude, beyond reasonable doubt, that appellant committed the offenses at issue.

However, appellant argues that because his child victim had a sexually transmitted disease in her vaginal area, that he did not have a like disease at the time of testing, and that no evidence appears of record suggesting that he had vaginal intercourse with the child, his convictions lack the support of factually sufficient evidence. We disagree for testimony appears of record illustrating that appellant and his wife had twice suffered from the same disease contracted by the child, that the disease will cure itself in time without medication, that men can be asymptomatic carriers of it, that it can be passed through anal intercourse, and that the victim's rectum was dilated (which condition may be indicative of anal sexual abuse). This evidence when combined with the complainant's testimony that appellant was the person who assaulted her was enough to rationally explain why appellant's negative test does not overcome or otherwise negate that quantum of evidence

2

establishing his guilt.  In other words, the jury's finding is not so against the great weight of the evidence as to be unjust; nor is it supported only by weak evidence.

According, we hold that the verdicts have the support of both legally and factually sufficient evidence and affirm the judgments.


Brian Quinn
Chief Justice


Do not publish.